## NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Agreement and Release ("Agreement") is made by and between CELL TECH 689, INC., EXPRESS WIRELESS 1796, INC., RAPID WIRELESS 1283, INC., QUICK CELLULAR, INC., and AKASH KHAN, on the one hand, ("Defendants"), and ALFREDO MERCADO GUILLEN, on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns, on the other hand ("Plaintiff"). Plaintiff and Defendants are hereinafter collectively referred to as the "Parties".

WHEREAS, Defendants and Plaintiff are parties to a lawsuit in the United States District Court for the Southern District of New York, entitled *Guillen v. Cell Tech 689, Inc. et al*, 18 CV 04544 (ALC) (the "Civil Action");

WHEREAS, Defendants and Plaintiff to that lawsuit wish to reach a compromise of that Civil Action;

WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing with respect to Plaintiff;

WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein and the full payment due from Defendants as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the Complaint; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

(a) In consideration for the payment of SEVENTEEN THOUSAND FIVE HUNDRED DOLLARS ($17,500.00) ("the Settlement Payment"), Plaintiff, on behalf of himself and, if any, his respective spouse, assignee(s), heir(s), executor(s), agent(s), successor(s), beneficiary(ies), legal representative(s) and assignee(s), hereby waives, discharges and forever releases the Defendants and their current and former parents, subsidiaries, divisions, branches, assigns, insurers and affiliated and related companies or entities, and its or their respective predecessors, successors, and present and former directors, officers, partners, shareholders, fiduciaries, employees, representatives, agents and attorneys, in their individual and representative capacities (hereinafter collectively referred to as "Releasees"), from any and all actions, causes of action, obligations, liabilities, judgments, suits, debts, attorneys' fees, costs, sums of money, wages, bonuses, benefits of any type, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, executions, claims and demands whatsoever in law, or in equity, which Plaintiff has, had, or may have, whether known or unknown, contingent or otherwise, and whether specifically mentioned or not, from the beginning of time through the date that Plaintiff, respectively, executes this Agreement ("Released Claims").

(b) In exchange for and in consideration of the covenants and promises contained herein, Defendants, on behalf of themselves and, if any, their respective assignee(s), heir(s), executor(s), agent(s), successor(s), beneficiary(ies), legal representative(s) and assignee(s), hereby waive, discharge and forever release the Plaintiff and his current and former parents, subsidiaries, divisions, branches, assigns, insurers and affiliated and related companies or entities, and its or their respective predecessors, successors, and present and former directors, officers, partners, shareholders, fiduciaries, employees, representatives, agents and attorneys, in their individual and representative capacities (hereinafter collectively referred to as "Releasees"), from any and all actions, causes of action, obligations, liabilities, judgments, suits, debts, attorneys' fees, costs, sums of money, wages, bonuses, benefits of any type, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, executions, claims and demands whatsoever in law, or in equity, which Defendants have, had, or may have, whether known or unknown, contingent or otherwise, and whether specifically mentioned or not, from the beginning of time through the date that Defendants, respectively, execute this Agreement ("Released Claims").

(c) Without limiting the foregoing in any manner whatsoever, this general release includes, but is not limited to, the release of:

- any claims based on Plaintiffs' employment with Defendants or the termination of that employment;

- any claims which were asserted, or which could have been asserted, in the Action;

- any claims under the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Civil Rights Acts of 1866, 1871, and/or 1991, the Rehabilitation Act of 1973, the Family and Medical Leave Act, the Employee Retirement and Income Security Act, Executive Order 11246, the Equal Pay Act, the Genetic Information and Nondiscrimination Act, the Fair Credit Reporting Act, the Occupational Safety and

Health Act, the Worker Adjustment and Retraining Notification Act, the National Labor Relations Act, the New York State Human Rights Law, the New York City Human Rights Law, the Suffolk County Human Rights Law, the New York Labor Law, the New York Whistleblower Statute, the New York State Constitution, or any other federal, state, or local law, ordinance, rule, regulation, order or constitutional provision;

- any claims for wrongful discharge, breach of contract (express, implied or otherwise), personal injury, negligence, defamation or intentional tort.

(d) This general release does not include a release of claims for (i) unemployment benefits, workers' compensation benefits or benefits under COBRA; (ii) any rights which cannot be released by private agreement; and (iii) any rights Plaintiff may have under the terms of this Agreement.

1. The Settlement Payment shall be delivered to the offices of Plaintiff's counsel, Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758 and paid as follows:

   a. Within 30 days of the Court approving this Settlement Agreement and dismissing this action against Defendants with prejudice and continuing for a period of 6 consecutive additional months, Defendants shall pay the sum of $2,500.00 each month as follows:

      i. Issue a check to Plaintiff in the amount of $835.00, made payable to "Alfredo Mercado Guillen" for which Plaintiff shall receive an IRS 1099 tax form with box #3 checked.

      ii. Issue a check to Plaintiff in the amount of $835.00 less lawful deductions made payable to "Alfredo Mercado Guillen" for which Plaintiff shall receive an IRS W-2 tax form.

      iii. Issue a check to NEIL H. GREENBERG & ASSOCIATES, P.C. in the amount of $830.00, made payable to "Neil H. Greenberg & Associates, P.C." Defendants shall issue an IRS Form 1099 to Neil H. Greenberg & Associates, P.C. in connection with this payment.

      iv. Of the Settlement Payment, Plaintiff shall receive a total of $11,690.00 and NEIL H. GREENBERG & ASSOCIATES, P.C. shall receive a total of $5,810.00.

2. On or about January 31, 2020, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form W-2 and a Form 1099 reflecting payment to the Plaintiff of that portion (if any) of the Settlement Payment which was received by him in the prior calendar year. Plaintiff shall be responsible to pay all Federal, State and local taxes in connection with that portion of the Settlement Payment which was received by him and agrees to indemnify and hold Defendants harmless for any and all Federal, State and local taxes,

interest and penalties that are due, may become due or are otherwise assessed against Plaintiff or the Defendants, at any time, with the exception of Defendants' portion of FICA and FUTA, if any.

3. Plaintiff admits and acknowledges that he: (i) has had an opportunity to consult with an attorney and determine whether this settlement is reasonable and fully satisfies his claims against Defendants; (ii) has been paid and received all bonuses, payments, commissions, severance and benefits to which he may be entitled from Defendants and that no leave (paid or unpaid) or other compensation is due to him as a result of the settlement of the Civil Action; (iii) understands that the consideration set forth in paragraphs 1 and 2 of this Agreement shall not be considered wages for purposes of pension or any other employment-related benefits; and (iv) understands he is not entitled to any other compensation, monies, relief or recovery whatsoever, except as set forth in paragraph 1 and 2 of this Agreement.

4. The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiff unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any duty or obligation that they may owe or may have owed to the Plaintiff.

5. Upon delivery to the Defendants of this fully executed Agreement, the Plaintiff shall deliver to Defendants' counsel an executed Stipulation of Dismissal with Prejudice dismissing all claims in the Civil Action with prejudice against Defendants and without costs or fees assessed against any party except as provided for in this Agreement. Plaintiff shall then promptly file a motion for settlement approval with the Court seeking judicial approval of this Agreement and the dismissal of the Civil Action against Defendants with prejudice.

6. This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of his FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraphs 1 and 2, is a fair and reasonable resolution to this *bona fide* dispute.

7. Plaintiff agrees that he will not at any time in the future knowingly seek employment with Defendants, or Releasees and hereby waives any right that may accrue to him from any application for employment that he may make (whether knowingly or unknowingly), or any employment that he may receive, notwithstanding this Paragraph. By this Agreement, Plaintiff intends to remove himself from consideration for future employment with Defendants, and agrees that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiff may make for employment or to terminate any such employment he may obtain notwithstanding this Paragraph. Plaintiff acknowledges and agrees that he has no right to any reinstatement or re-employment by Defendants, or Releasees at any time.

8. Enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

9. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

10. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

11. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Agreement.

12. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

13. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders. This Agreement has been drafted jointly by all Parties, and therefore it shall not be construed strictly against any Party as the drafter.

14. This Agreement shall become effective upon its execution by all Parties. However, if the Court in this Civil Action refuses to approve this Agreement, the parties shall make all reasonable efforts to modify this Agreement to make it acceptable to the Court. If after conferring in good faith the parties are unable to do so, this Agreement shall become void and unenforceable.

15. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action.

16. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

17. This Agreement supersedes all prior agreements or understandings of any kind, whether oral or written, and represents the entire Agreement. This Agreement is intended to memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the Parties. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof

18. Plaintiff states that his attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

19. Concurrently with the execution of this Agreement, Akash Khan

shall execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit A. Defendants shall provide Plaintiff's counsel with said executed Affidavit of Confession of Judgment bearing original signatures. The Affidavit of Confession of Judgment shall be held in escrow by Plaintiff's counsel. Plaintiff and Defendants agree that the Court shall retain enforcement jurisdiction to ensure the Parties' compliance with the terms and conditions of this Agreement and expressly consent to the jurisdiction of the Court for such purpose. In the event of a default, which default is not timely cured, Defendants shall be liable to Plaintiff in the total amount of Twenty One Thousand Dollars ($21,000.00) less any amounts already paid pursuant to paragraph 2 above. Defendants will be considered in default of this Agreement if it fails to timely deliver to the Plaintiff's attorney the payments set forth in paragraph 2 of this Agreement and such failure is not cured within ten (10) days after receipt of written notice to cure any defaults [an "Event of Default"]. If after ten (10) days after receipt of written notice of default Defendant has failed to cure the default, and an "Event of Default" is deemed to have occurred, the amount of Twenty One Thousand Dollars ($21,000.00) minus any payments made pursuant to this Agreement will immediately become due to the Plaintiff, and the Plaintiff may apply to the Court for such relief as well as file the Affidavit of Confession of Judgment. Written notice of such default shall be given to Defendants' Counsel, Emanuel Kataev, Esq., via email transmission at Emanuel@mllaborlaw.com and via First Class U.S. Mail at 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042. Upon complete satisfaction of all payments set forth in Paragraph 2, the Affidavit of Confession of Judgment will be deemed null and void, and Plaintiff's counsel will return the original Affidavit of Confession of Judgment to Defendants' counsel, and shall retain no copies of same.

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement & Release.

SIGNATURES ON FOLLOWING PAGE

Plaintiff:

_/s/ Alfredo Mercado_____
ALFREDO MERCADO GUILLEN

Defendants:

CELL TECH 689, INC.

By: _____

EXPRESS WIRELESS 1796, INC.

By: _____

RAPID WIRELESS 1283, INC.

By: _____

QUICK CELLULAR, INC.

By: _____


_____
AKASH KHAN

7

Plaintiff:

_____
ALFREDO MERCADO GUILLEN

Defendants:

CELL TECH 689, INC.

By: _____

EXPRESS WIRELESS 1796, INC.

By: _____

RAPID WIRELESS 1283, INC.

By: _____

QUICK CELLULAR, INC.

By: _____

_____
AKASH KHAN